**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
RORY WALSH,                      )
                                )
        Plaintiff,              )
                                )
        v.                      )       Civil Action No. 11-2215(RWR)
                                )
MICHAEL HAGEE, et al.,          )
                                )
        Defendants.            )
_____)
```

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Rory M. Walsh moves under Federal Rule of Civil Procedure 60(b) for reconsideration of the October 26, 2012 memorandum opinion and order granting the defendants' motions to dismiss and denying all other motions as moot. Walsh reasserts legal arguments previously raised and rejected in the memorandum opinion and order, argues that he has new claims and evidence, alleges fraud by the defendants, and asserts that the final judgment is void. Because Walsh has not established that he is entitled to relief from the final judgment under Rule 60(b), his motion will be denied.

## BACKGROUND

The relevant facts are described in an earlier opinion. See Walsh v. Hagee, 900 F. Supp. 2d 51 (D.D.C. 2012), aff'd, No. 12-5367, 2013 WL 1729762 (D.C. Cir. Apr. 10, 2013).

Briefly, Walsh brought claims under the Constitution and several federal statutes such as the Racketeer Influenced and Corrupt Organization ("RICO") Act, the Federal Tort Claims Act ("FTCA"), and the Privacy Act alleging that the defendants participated in a government conspiracy to harass and assault him and his family. Walsh named as defendants former Marine Corps Commandant Michael Hagee, Director of National Intelligence James Clapper, United States District Judge Christopher Connor, Secretary of Veterans Affairs Erik Shineseki, other federal employees, and the United States ("federal defendants"), as well as Keith Berger and James Axe.[1] The defendants moved to dismiss Walsh's amended complaint on a variety of bases, including lack of personal jurisdiction, lack of subject matter jurisdiction, improper venue, failure to state a claim upon which relief can be granted, and failure to exhaust administrative remedies.

An October 26, 2012 memorandum opinion granting the defendants' motions to dismiss concluded:

> Walsh's frivolous FTCA and Fourth, Fifth, and Sixth Amendment claims based on a bizarre government conspiracy theory and Walsh's unexhausted claim under 18 U.S.C. § 2712 must be dismissed for lack of subject matter jurisdiction. Walsh's claim as to Axe will be dismissed for lack of personal jurisdiction. Walsh's cause of action for judicial review in connection with his request to correct his military record similarly

---

[1] Raymond Marotta was also named as a defendant, but he was dismissed from the case via a stipulation.

> will be dismissed for lack of subject matter jurisdiction, or alternatively for failure to state a claim because he did not allege any final decision by the Secretary that can be reviewed. Walsh's claims under the Privacy Act, RICO, the [Crime Victims' Rights Act], the Victim and Witness Protection Act, and the Fourteenth Amendment of the U.S. Constitution must also be dismissed because Walsh failed to state a claim upon which relief can be granted. Thus, the remaining defendants' motions to dismiss the complaint will be granted.

Walsh, 900 F. Supp. 2d at 61-62. This decision was affirmed per curiam by the D.C. Circuit on April 10, 2013. See Walsh, 2013 WL 1729762.

On August 9, 2013, Walsh moved for reconsideration of the final judgment dismissing his amended complaint arguing that he is entitled to relief from the October 26, 2012 memorandum opinion under Federal Rule of Civil Procedure Rule 60(b). FRCP 60 Mot. For Relief from Final Order and to Re-Open This Action ("Pl.'s Mot.") at 1. In particular, Walsh claims that there is newly discovered evidence (Rule 60(b)(2)); there has been a fraud upon the court (Rule 60(b)(3)); the judgment is void (Rule 60(b)(4)); and other grounds justify relief, such as the fact that Axe has been unresponsive and because Nicholas Berger should be substituted as a defendant for his deceased father, Keith Berger (Rule 60(b)(6)). Individual defendants Berger and Axe and the federal defendants all opposed in separate oppositions.

DISCUSSION

A court has discretion to grant relief from a final judgment for five enumerated reasons under Rule 60(b)(1)-(5), and for "any other reason that justifies relief" under Rule 60(b)(6). Fed. R. Civ. P. 60(b). "'[T]he decision to grant or deny a rule 60(b) motion is committed to the discretion of the District Court.'" Kareem v. FDIC, 811 F. Supp. 2d 279, 282 (D.D.C. 2011) (alteration in original) (quoting United Mine Workers of Am. 1974 Pension v. Pittston Co., 984 F.2d 469, 476 (D.C. Cir. 1993)). Motions for reconsideration are "disfavored" and "granting . . . such a motion is . . . an unusual measure[.]" Cornish v. Dudas, 813 F. Supp. 2d 147, 148 (D.D.C. 2011) (internal quotation marks omitted) (citing Kittner v. Gates, 783 F. Supp. 2d 170, 172 (D.D.C. 2011); see also Wright v. FBI, 598 F. Supp. 2d 76, 77 (D.D.C. 2009)). "[T]he moving party bears the burden of establishing 'extraordinary circumstances' warranting relief from a final judgment." Schoenman v. FBI, 857 F. Supp. 2d 76, 80 (D.D.C. 2012) (quoting Niedermeier v. Office of Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).

Walsh alleges that there is newly discovered evidence that shows that a fraud has been committed upon the court. For example, Walsh argues that there is new evidence because his "allegation is now confirmed by the exposure of defendant

Clapper's criminal actions by Edward Snowden, who let the world know Clapper (and Hagee) have the ability to look into judges computers . . . ." Pl.'s Mot. at 5. Additionally, Walsh argues that there is "new evidence of the determined criminal actions of Hagee and Clapper" because, after the October 26, 2012 memorandum order and opinion, the defendants broke into Walsh's residence and car and "look[ed] into this Court's computer." Id. at 5-6.

To prevail under Rule 60(b)(2), "the movant must demonstrate that: (1) the newly discovered evidence is of facts that existed at the time of trial or other dispositive proceeding; (2) the party seeking relief was justifiably ignorant of the evidence despite due diligence; (3) the evidence is admissible and is of such importance that it probably would have changed the outcome; and (4) the evidence is not merely cumulative or impeaching." Duckworth v. U.S. ex rel. Locke, 808 F. Supp. 2d 210, 216 (D.D.C. 2011).

Here, Walsh argues that his allegations have been confirmed by Edward Snowden. However, information that merely confirms Walsh's assertions is not new information for the purposes of Rule 60(b)(2). See Duckworth, 808 F. Supp. 2d at 216 (holding that "new evidence" must be evidence that "is not merely cumulative"). Rule 60(b) is not "a vehicle for presenting theories or arguments that could have been raised previously."

Fund For Animals v. Williams, 311 F. Supp. 2d 1, 5 (D.D.C. 2004) (citing Kattan ex rel Thomas v. District of Columbia, 995 F.2d 274, 276 (D.C. Cir. 1993)). Even if the Snowden information were "new evidence" under Rule 60(b)(2), Walsh fails to demonstrate how it would have changed the outcome of *his* case. Cf. Duckworth, 808 F. Supp. 2d at 216-17 (denying a Rule 60 motion despite the plaintiffs' argument that a new report demonstrates that the attorney engaged in prosecutorial misconduct because the plaintiffs failed to "identif[y] any specific evidence in the report that pertains to Plaintiffs' case").

Further, the new evidence of Hagee and Clapper's "determined criminal actions" does not warrant relief from the judgment because Rule 60(b)(2) requires "newly discovered evidence . . . of facts that existed at the time of trial or other dispositive proceeding." Duckworth, 808 F. Supp. 2d at 216. Here, the alleged break-ins occurred after the memorandum opinion was issued and are not "facts that existed at the time" of the proceeding. Nor does Walsh explain how this new evidence would change the order dismissing the case for lack of subject matter jurisdiction, lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and failure to exhaust administrative remedies. See Walsh, 900 F. Supp. 2d at

61-62. Accordingly, Walsh has not shown that relief is justified under Rule 60(b)(2).

Walsh also argues that relief is justified under Rule 60(b)(3), claiming that a fraud has been committed upon the court. The thrust of Walsh's numerous arguments about fraud is that the government's denials of what Walsh characterizes as facts is a "fraud upon the court." See, e.g., Pl.'s Mot. at 5 (arguing that the government's confirmation that the FBI has not issued any warrants to put Walsh under surveillance constitutes a "fraud upon the court" because "Hagee and Clapper have been conducting illegal surveillance on Walsh for years"); id. at 9 (arguing that Hagee "intercepted the complaint from defendant Clapper and delivered it to the Navy" and that "there is no counter evidence" so the government's denial is a "fraud upon the court"); id. at 10-12. Walsh also argues that the defendants "falsified a medical evaluation to withhold Walsh's VA compensation" and is "withholding" the medical evaluation. Id. at 11-12.

Under Rule 60(b)(3), the movant must show "by clear and convincing evidence . . . that the other party engaged in fraud, misrepresentation, or misconduct." Almerfedi v. Obama, 904 F. Supp. 2d 1, 5 (D.D.C. 2012) (internal quotation marks omitted). Additionally, a Rule 60(b)(3) motion will not be granted unless the plaintiff can "show actual prejudice" which means "he must

demonstrate that defendant's conduct prevented him from presenting his case fully and fairly." Ramirez v. Dep't of Justice, 680 F. Supp. 2d 208, 209 (D.D.C. 2010); see also Summers v. Howard Univ., 374 F.3d 1188, 1193 (D.C. Cir. 2004) (explaining that prejudice requires "the movant [to] show that the misconduct foreclosed full and fair preparation or presentation of its case" (internal quotation marks omitted)).

Walsh's arguments fail to demonstrate how the defendants' conduct prevented him from presenting his case. Rather, Walsh relies on conjecture and unsupported assertions to reiterate the same allegations that he presented in his original and amended complaints. See, e.g., Green v. Am. Fed'n of Labor & Congress of Indus. Orgs., 811 F. Supp. 2d 250, 254 (D.D.C. 2011) (denying the plaintiff's motion for reconsideration because "the plaintiff does not indicate how such fraud would have prevented him from fully and fairly presenting his case before the court"); Bennett v. United States, 530 F. Supp. 2d 340, 341 (D.D.C. 2008) (denying Rule 60(b)(3) motion where the plaintiff merely "alleg[ed] that Defendant's legal arguments perpetrated a 'fraud' upon the court or simply repeat[ed] general legal arguments already made by Plaintiff and rejected by the Court"). Without such evidence of prejudice, Walsh is entitled to no relief under Rule 60(b)(3).

Walsh seeks relief under Rule 60(b)(4) claiming that the judgment is void because of "inherent due process violations" and because of the fraud upon the court. "Relief under Rule 60(b)(4) is not available merely because a disposition is erroneous. Rather, before a judgment may be deemed void within the meaning of the rule, it must be determined that the rendering court was powerless to enter it." Combs v. Nick Garin Trucking, 825 F.2d 437, 442 (D.C. Cir. 1987) (footnote and internal quotation marks omitted); see also Karsner v. Lothian, 532 F.3d 876, 886 (D.C. Cir. 2008). "A judgment may be void if the court lacked personal or subject matter jurisdiction in the case, acted in a manner inconsistent with due process or proceeded beyond the powers granted to it by law." Green, 811 F. Supp. 2d at 253; accord Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999). No such circumstances are apparent in this case, and Walsh cannot prevail on this ground.

Finally, Walsh argues that defendant Axe's failure to respond justifies relief under Rule 60(b)(6). He also appears to argue that he is entitled to relief from the judgment because State Trooper Nicholas C. Berger should replace his deceased father, Keith Berger, as a defendant.[2] See Pl.'s Mot. at 16-19

---

[2] Walsh also contends that the "falsified medical records" justifies relief under Rule 60(b)(6) as well as under Rule

(arguing that "[t]he death of defendant Berger did not extinguish the claim against him").

Axe had been dismissed from the case because of a lack of personal jurisdiction and could not have been required to participate in this litigation at all.  Moreover, Walsh already moved in June of 2012 to appoint Nicholas Berger as executor for the estate of Keith Berger and to substitute Nicholas Berger for Keith Berger, and his motion was denied.  Even if Walsh's arguments about Axe and Berger had merit, that is nevertheless insufficient to merit relief under Rule 60(b)(6).  Relief under Rule 60(b)(6) '"should be only sparingly used'" and only in "'extraordinary circumstances.'"  Salazar ex rel. Salazar v. Dist. of Columbia, 633 F.3d 1110, 1119-20 (D.C. Cir. 2011) (quoting Ackermann v. United States, 340 U.S. 193, 199 (1950) and Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)).  Reconsideration can be properly granted "only 'when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust.'"  Taitz v. Obama, 754 F. Supp. 2d 57, 59 (D.D.C. 2010) (quoting Good Luck Nursing Home, Inc., 636 F.2d at 577).  Because Walsh has failed to

---

60(b)(3).  Pl.'s Mot. at 11-12, 19-20.  However, "the catch-all provision, Rule 60(b)(6), is mutually exclusive with the grounds for relief in the other provisions of Rule 60(b)."  Kramer v. Gates, 481 F.3d 788, 792 (D.C. Cir. 2007).

demonstrate extraordinary circumstances or a manifest injustice, or even that there was "a previously undisclosed fact . . . central to the litigation," his claim for relief under Rule 60(b)(6) must also fail.

## CONCLUSION AND ORDER

Walsh has not demonstrated that he is entitled to relief under Rule 60(b)(2)-(4), or that there are extraordinary circumstances warranting relief under Rule 60(b)(6), from the October 26, 2012 memorandum opinion and order.  Accordingly, it is hereby

ORDERED that the plaintiff's motion [89] for reconsideration be, and hereby is, DENIED.

SIGNED this 4th day of December, 2013.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge