Rory WALSH, Plaintiff,

v.

Michael HAGEE, et al., Defendants.

Civil Action No. 11-2215 (RWR)

United States District Court,
District of Columbia.

Signed 03/04/2014

Rory M. Walsh, York, PA, pro se.

John G. Interrante, U.S. Attorney's Office for the District of Columbia, Washington, DC, Robert M. Gittins, Law Offices of William J. Hickey, Rockville, MD, for Defendants.

## MEMORANDUM ORDER

RICHARD W. ROBERTS, Chief Judge

Pro se plaintiff Rory M. Walsh moves under Federal Rule of Civil Procedure 59 for reconsideration of the December 4, 2013 memorandum opinion and order denying Walsh's motion for reconsideration of the October 26, 2012 memorandum opinion and order, which granted the defendants' motions to dismiss. Walsh argues that there is a change in controlling law and reasserts legal arguments previously raised and rejected. Because Walsh has not established that he is entitled to relief from the judgment under Rule 59, his motion will be denied.

The relevant facts are described in two earlier opinions. See Walsh v. Hagee, 900 F.Supp.2d 51 (D.D.C.2012), aff'd, No. 12–5367, 2013 WL 1729762 (D.C.Cir. Apr. 10, 2013) ("Walsh I"); Walsh v. Hagee, 10 F.Supp.3d 15 (2013) ("Walsh II").

Walsh's motion for reconsideration of the October 26, 2012 memorandum opinion and order was denied because Walsh failed to establish that he was entitled to relief under Rule 60. Walsh II, 10 F.Supp.3d at 17–18. For example, the opinion found that Walsh failed to present dispositive new evidence, that Walsh merely reiterated arguments he had already presented, and that there were no extraordinary circumstances that warranted reconsideration. Id. at 17–21. Walsh now argues that there has been an intervening change in controlling law because of Judge Leon's opinion in Klayman v. Obama, Civil

Action No. 13–0881 (RJL), 2013 WL 6598728 (D.D.C. Dec. 16, 2013). FRCP 59 Mot. to Reconsider and for Relief from Order at Docket 107 and to Re-Open This Action ("Mot. for Reconsideration") at 1.

■ To prevail, Walsh bears the burden of identifying "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Goodman v. Blount, 427 Fed.Appx. 8 (D.C.Cir.2011). "Motions for reconsideration are disfavored[.]" Wright v. FBI, 598 F.Supp.2d 76, 77 (D.D.C.2009) (internal quotation marks omitted). "The granting of such a motion is ... an unusual measure, occurring in extraordinary circumstances." Kittner v. Gates, 783 F.Supp.2d 170, 172 (D.D.C.2011). Accordingly, the movant must not "relitigate old matters, or raise arguments or present evidence that could have been raised prior to the entry of judgment." Jung v. Assoc. of Am. Med. Colls., 226 F.R.D. 7, 8 (D.D.C. 2005) (internal quotation marks omitted).

■ The change to controlling law that Walsh identifies is neither a change nor controlling. In Klayman, Judge Leon discussed well-established principles such as the elements of standing, Klayman, 2013 WL 6598728, at *14–17 (cited in Mot. for Reconsideration at 4), the protections granted by the Fourth Amendment, id. at *17–24 (cited in Mot. for Reconsideration at 5-6), and the standard for warrantless seizures, id. at *22 (cited in Mot. for Reconsideration at 7), but did not change the law.[1] The decisions of another federal district judge are also not controlling law. Am. Elec. Power Co., Inc. v. Connecticut, 564 U.S. 410, 131 S.Ct. 2527, 180 L.Ed.2d 435 (2011) ("[F]ederal district judges, sitting as sole adjudicators, lack authority to render precedential decisions binding other judges, even members of the same court.").

Further, Walsh reiterates arguments that he raised both in the briefing for the motions to dismiss and his motion for reconsideration. E.g., Mot. for Reconsideration at 3 (stating that "Plaintiff has already shown and submitted" his evidence and that he has "complained, multiple times" of the defendant's actions); see Walsh I, 900 F.Supp.2d 51; Walsh II, 10 F.Supp.3d 15. Indeed, portions of Walsh's second motion for reconsideration are duplicative of his first motion for reconsideration. E.g., Mot. for Reconsideration at 8-9; FRCP 60 Mot. for Relief from Final Order and to Re-Open this Case at 6-8. A motion for reconsideration is not for the parties to "relitigate old matters[.]" Jung, 226 F.R.D. at 8.

Ultimately, Walsh has not demonstrated that he is entitled to relief under Rule 59 since he has failed to show an intervening change in controlling case law, new evidence, or a need to correct a clear error. Accordingly, it is hereby

ORDERED that the plaintiff's motion [108] for reconsideration be, and hereby is, DENIED. It is further

ORDERED that all other pending motions be, and hereby are, DENIED as moot.

---

1. Even if Klayman could and did change the law, Walsh cites portions of Klayman discussing standing and the Fourth Amendment, see Mot. for Reconsideration at 4-8, but Walsh's first motion for reconsideration was not denied on Fourth Amendment grounds or on standing grounds, and thus any change in law because of Klayman would be irrelevant. See Walsh II, 10 F.Supp.3d at 21; McLaughlin v. Holder, 864 F.Supp.2d 134 ("Developments that do not bear on the reasoning behind an order that a party asks a court to reconsider are not significant changes[.]" (internal quotation marks omitted)).