**Rory WALSH, Plaintiff,**

v.

**Michael HAGEE, et al., Defendants.**

**Civil Action No. 11-2215 (RWR)**

United States District Court,
District of Columbia.

Signed 03/09/2015

---

Rory M. Walsh, York, PA, pro se.

John G. Interrante, U.S. Attorney's Office for the District of Columbia, Washington, DC, Robert M. Gittins, Law Offices of William J. Hickey, Rockville, MD, for Defendants.

## MEMORANDUM ORDER

RICHARD W. ROBERTS, Chief Judge

Pro se plaintiff Rory M. Walsh moves under Federal Rule of Civil Procedure 60(b)(6)

for reconsideration of the March 4, 2014 memorandum order denying Walsh's second motion for reconsideration[1] and denying all other motions as moot. Walsh once again reasserts legal arguments previously raised and rejected, argues that there is a change in controlling law, and asserts that the final judgment is void. Because Walsh has not established that he is entitled to relief from the final judgment under Rule 60(b)(6), his motion will be denied.

Walsh is a military veteran whose dismissed complaint sought damages and injunctive relief due to an alleged government conspiracy to harass him and his family. Additional relevant facts are described in two earlier opinions. See Walsh v. Hagee, 900 F.Supp.2d 51, 54–55 (D.D.C.2012), aff'd, No. 12–5367, 2013 WL 1729762 (D.C.Cir. Apr. 10, 2013) ("Walsh I"); Walsh v. Hagee, 10 F.Supp.3d 15, 17–18 (D.D.C.2013), aff'd, No. 14–5058, 2014 WL 4627791 (D.C.Cir. July 11, 2014) ("Walsh II").

Walsh's previous two motions for reconsideration were denied because Walsh failed to establish that he was entitled to relief under Federal Rules of Civil Procedure 60 and 59, respectively. See Walsh II, 10 F.Supp.3d at 21; Mem. Order, ECF No. 121 at 4. In Walsh II, for example, the Court found that Walsh did not present any "new evidence" that was present at the time of the proceeding that would have changed the outcome of his case, and that Walsh did not demonstrate any fraudulent actions or conduct on the part of the defendants that prevented Walsh from presenting his case. 10 F.Supp.3d at 19–20. Additionally, the Court found that "Walsh relie[d] on conjecture and unsupported assertions to reiterate the same allegations that he presented in his original and amended complaints." Id. at 20.

On November 7, 2014, Walsh again moved for reconsideration of the final judgment dismissing his amended complaint, arguing that he is entitled to relief from the October 26, 2012 memorandum opinion under Federal Rule of Civil Procedure 60(b)(6). Second

---

1. Walsh's first motion for reconsideration [89], filed on August 9, 2013, was denied in a memo-

randum opinion and order [107] on December 4, 2013.

FRCP 60(b)(6) Mot. For Relief from Final Order and to Re-Open This Action Due to the Change in the Controlling Law ("Pl.'s Mot."), ECF No. 124 at 1. Walsh now argues that there has been an intervening change in controlling law "with President Obama signing into law the Veterans' Access to Care through Choice, Accountability, and Transparency Act of 2014[.]" Id. at 1–2. Walsh further asserts that there is newly discovered evidence because he located "the CORRECT Dr. Raymond J. Marotta Jr, MD[.]" Id. at 2.[2] The federal defendants oppose Walsh's motion.

"Federal Rule of Civil Procedure 60(b) sets forth various grounds upon which a party may obtain relief from a judgment." Bain v. MJJ Prods., Inc., 751 F.3d 642, 646 (D.C.Cir. 2014). The district court has discretion to grant or deny a motion brought under Rule 60(b). Salazar v. D.C., 729 F.Supp.2d 257, 260 (D.D.C.2010) (citing Twelve John Does v. District of Columbia, 861 F.2d 295, 298 (D.C.Cir.1988), and United Mine Workers of Am. 1974 Pension v. Pittston Co., 984 F.2d 469, 476 (D.C.Cir.1993)). In addition to the enumerated grounds for relief listed in Rule 60(b)(1) through (5), Rule 60(b)(6) permits relief based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "This catchall provision has been interpreted to apply when a party demonstrates 'extraordinary circumstances[.]'" Marino v. Drug Enforcement Admin., 685 F.3d 1076, 1079 (D.C.Cir.2012) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (internal quotation marks omitted)). The D.C. Circuit has observed that "plaintiffs must clear a very high bar to obtain relief under Rule 60(b)(6)[,]" Kramer v. Gates, 481 F.3d 788, 792 (D.C.Cir.2007), and that the rule "should be only sparingly used," Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C.Cir.1980).

Walsh argues that relief under Rule 60(b)(6) is warranted due to a "change in the controlling law[.]" Pl.'s Mot. at 4. Walsh asserts that "President Obama having signed into law the Veterans' Access to Care through Choice, Accountability and Transparency Act of 2014 ... [provides] the required change in the controlling law to reopen this action[.]" Id. at 10. It appears that Walsh is referring to the Veterans Access, Choice, and Accountability Act of 2014 (the "VA Act"), Pub. L. No. 113–146, 128 Stat. 1754, which was signed into law on August 7, 2014.

Although Walsh repeatedly refers to the VA Act as a "change in the controlling law" in his case, Walsh does not cite any section or provision of the VA Act that affects his individual claims. He makes no showing that the VA Act provides for compensation for withheld benefits, back pay, or the injunctive relief he seeks, see Pl.'s Mot. at 3–4, 10–11, or that it has any bearing on this case. Once again, Walsh simply "relies on conjecture and unsupported assertions" in his arguments for reconsideration. Walsh II, 10 F.Supp.3d at 20.

Even if Walsh were able to demonstrate that the Act has an impact upon his individual claims, that alone would not entitle him to relief under Rule 60(b)(6). "Changes in the law, 'by themselves[,] rarely constitute the extraordinary circumstances required for relief' under this subsection of" Rule 60. Salazar v. District of Columbia, 729 F.Supp.2d 257, 263 (D.D.C.2010) (quoting Agostini v. Felton, 521 U.S. 203, 239, 117 S.Ct. 1997, 138 L.Ed.2d 391 1997).

Because Walsh has failed to demonstrate that there are extraordinary circumstances warranting relief under Rule 60(b)(6) from the October 26, 2012 memorandum opinion and order, it is hereby

ORDERED that the plaintiff's motion [124] for reconsideration be, and hereby is, DENIED.

---

**2.** In his motion, Walsh states in passing that he also "moves to join the correct Dr. Marotta" as a defendant in this action. Pl.'s Mot. at 4. However, Walsh's motion fails to address or provide any factual and legal arguments in favor of joinder. In any event, the potential joinder of "the correct" Dr. Marotta does not have an impact upon Walsh's arguments for reconsideration under Federal Rule of Civil Procedure 60(b)(6).