**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 21, 2014[*]

Decided October 21, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1697

| | |
|---|---|
| BENNY EBERHARDT, SR.,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>DOROTHY BROWN, Clerk of the<br>Circuit Court of Cook County, Illinois,<br>    *Defendant-Appellee.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 11 C 8877<br><br>Samuel Der-Yeghiayan,<br>*Judge.* |

**O R D E R**

After Benny Eberhardt, Sr., was fired from his job with the clerk's office for the Circuit Court of Cook County, he sued the clerk in her official capacity alleging retaliatory discharge and discrimination based on race and disability. *See* 42 U.S.C. §§ 2000e–2, 2000e–3, 12112. (Eberhardt included other defendants and claims in his complaint, but none is relevant to this appeal.) The district court granted the

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

defendant's motion for summary judgment and denied Eberhardt's post-judgment motion challenging that decision. Eberhardt has filed a notice of appeal, which a motions panel has concluded is timely only as to the order denying Eberhardt's post-judgment motion.

At summary judgment Eberhardt did not submit any evidence opposing the defendant's motion, and the district court reasoned that the undisputed evidence would permit a finder of fact to conclude only that Eberhardt was fired because of excessive absenteeism, not because of a retaliatory or discriminatory motive. The district court entered judgment on November 5, 2013, and 30 days later, on Thursday, December 5, Eberhardt filed what he captioned as a "motion for reconsideration" of the order granting summary judgment. He asserted that he had not attached evidentiary materials to his response because he mistakenly believed that he was to present them to the district court at an upcoming status hearing. And without his materials, Eberhardt continued, the district court should not have ruled on the defendant's motion. The district court construed Eberhardt's post-judgment motion as one under Federal Rule of Civil Procedure 60(b), since it was filed more than 28 days after the entry of judgment. *See* FED. R. CIV. P. 59(e), 60(b); *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666–67 (7th Cir. 2014). The district court denied the motion, explaining that Eberhardt's failure to submit his materials was not excusable because the court had imposed a deadline for responding to the defendant's motion, and the defendant had told him that his evidentiary materials must be submitted with his response. *See Timms v. Franks*, 953 F.2d 281, 285 (7th Cir. 1992). Furthermore, the court stated, the materials that Eberhardt wanted to submit would not change its ruling on the defendant's motion.

Eberhardt devotes most of his brief to arguing that the district court erred in granting summary judgment for the defendant, but the motions panel already explained that our appellate jurisdiction is limited to the order denying the post-judgment motion. That motion did not toll the deadline for filing a notice of appeal because it was filed more than 28 days after entry of judgment. *See* FED. R. APP. P. 4(a)(4)(A)(vi); *Banks*, 750 F.3d at 667. Eberhardt maintains, however, that the district court should have extended the time for filing his post-judgment motion (and then construed it as a motion for reconsideration under Federal Rule of Civil Procedure 59(e).) That was not an option; a Rule 59(e) motion must be filed within 28 days, and this limit cannot be extended. *See* FED. R. CIV. P. 6(b)(2); *Banks*, 750 F.3d at 666–67. Eberhardt maintains that, as a pro se litigant, he was unaware of these rules, but litigants who proceed without counsel are not excused from following procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pearle Vision, Inc. v. Romm*, 541 F.3d 751,

758 (7th Cir. 2008). In a civil case, filing a timely notice of appeal is a jurisdictional limitation, *see* FED. R. APP. P. 4(a), and we do not have discretion to consider arguments outside of our jurisdiction.

Eberhardt's fallback position is that the district court abused its discretion by not extending the time for him to appeal the underlying judgment, as authorized by Federal Rule of Appellate Procedure 4(a)(5)(A). But Eberhardt waived this contention by making it for the first time in his reply brief. *See Alam v. Miller Brewing Co.*, 709 F.3d 662, 668 n.3 (7th Cir. 2013); *Padula v. Leimbach*, 656 F.3d 595, 605 (7th Cir. 2011). In any event, a district court may not extend the time to appeal under Rule 4(a)(5)(A) without a *motion*, which Eberhardt did not file. *See Nocula v. UGS Corp.*, 520 F.3d 719, 724 (7th Cir. 2008); *Lorenzen v. Employees Ret. Plan of the Sperry and Hutchinson Co.*, 896 F.2d 228, 231 (7th Cir. 1990) (explaining that district court may grant extension of time only if permission is requested by motion showing good cause or excusable neglect).

That leaves for our review only the order denying Eberhardt's post-judgment motion. We review the denial of a Rule 60(b) motion for abuse of discretion. *Nash v. Hepp*, 740 F.3d 1075, 1078 (7th Cir. 2014). The district court denied Eberhardt's motion on the ground that he was warned that he must submit all of his evidence with his response to the motion for summary judgment, both by the defendant in her motion for summary judgment and by the court through the briefing schedule. *See* N.D. ILL. LOCAL R. 56.2; *Timms*, 953 F.2d at 285. We see no abuse of discretion—and Eberhardt does not point to one—in the district court's determination.

AFFIRMED.