# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

OLADAYO ADELEKE OLADOKUN,     :

          :

     Plaintiff,        :     Civil Action No.:     13-00358 (RC)

          :

     v.          :     Re Document Nos.:    43, 45, 49

          :

CORRECTIONAL TREATMENT FACILITY, :

     *et al.,*        :

          :

     Defendants.      :

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION FOR RELIEF FROM FINAL JUDGMENT

## I.  INTRODUCTION

Plaintiff Oladayo Oladokun moves for reconsideration of the Court's October 28, 2014 Order dismissing the above-captioned action for failure to prosecute and/or to comply with the Court's January 28, 2014 Scheduling Order.  Defendants Correctional Treatment Facility, District of Columbia, and D.C. Department of Corrections oppose Mr. Oladokun's filings moving for reconsideration of the case, contending that he fails to satisfy the requirements under Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure.  *See* Defs.' Resp. Opp'n Pl.'s Mot. Hearing, ECF No. 47.  Because Mr. Oladokun has not established that he is entitled to relief from the final order, his motion will be denied.

## II.  FACTUAL BACKGROUND

On January 22 2013, *pro se* Plaintiff Oladayo Oladokun filed a complaint against the United States Marshals Service (USMS) and a number of other defendants in the Superior Court of the District of Columbia.  *See generally* Compl. ECF No. 1-2.  In the complaint, Mr.

Oladokun asserts that Defendants were negligent in providing medical care while he was in their custody. *See* Notice of Removal of Civil Action, ECF No. 1. USMS removed the case to this Court on grounds that the District Court has original jurisdiction, because the claim in the lawsuit is founded upon the Constitution against an agency of the United States. *Id*. at 2. Subsequently, the Court dismissed USMS as a party in the case. *See* Order, ECF No. 22. The remaining Defendants in the case were Correctional Treatment Facility, D.C. Department of Corrections, and the District of Columbia ("Defendants").

On January 28, 2014, the Court entered a Scheduling Order requiring the parties to appear before the Court for a status conference on September 8, 2014. *See* Scheduling Order, ECF No. 32 at 2. On June 16, 2014, the parties submitted a Joint Status Report, wherein Mr. Oladokun requested a stay of the case until August 12, 2014, at which time he believed he would be released from custody of the Calvert County Detention Center. *See* Joint Status Report, ECF No. 34. In that Joint Status Report, the parties also represented to the Court that Mr. Oladokun was aware of the status conference set for September 8, 2014. *Id*. at 2. On June 27, 2014, Mr. Oladokun entered a notice of change of address requesting that the Clerk of the Court forward copies of any documents and orders filed with the Court as of December 2013 to him at the Calvert County Detention Center since his home[1] was unoccupied. ECF No. 35 at 1–2. On August 13, 2014, the parties submitted a Joint Status Report in which they represented to the Court that they held a telephonic meet-and-confer on August 12, 2014, and that Mr. Oladokun was aware of the status conference set for September 8, 2014. *See* Joint Status Report, ECF No. 38.

---

[1] Mr. Oladokun's home was listed as his address prior to filing the June 27, 2014, change of address notice with the Clerk of the Court. *See* ECF No. 35.

On September 8, 2014, Mr. Oladokun failed to appear for the status conference, in violation of the Scheduling Order. *See* Order to Show Cause, ECF No. 39. At the status conference, Defense counsel represented to the Court that she was unsure whether Mr. Oladokun had been released from the Calvert County Detention Center, but that he was still incarcerated when their August 12, 2014, telephonic meet-and-confer occurred. *Id* at 2. At the time, it was unclear to the Court whether Plaintiff was incarcerated or whether he had been released. *Id*. That same day, the Court issued an Order to Show Cause requiring Mr. Oladokun to show cause in writing by October 6, 2014, "as to why this action should not be dismissed for failure to prosecute and for violating this Court's January 28, 2014 Scheduling Order." *Id*.

On September 19, 2014, Mr. Oladokun filed a notice of change of address with the Court updating his address at the D.C. Jail. *See* ECF No. 40. Mr. Oladokun also requested that the Clerk of the Court send him a copy of the docket sheet and all documents filed in his case as of August 13, 2014. *Id*. Accordingly, on September 25, 2014, as documented in an internal court docket entry, the Court forwarded to the D.C. Jail both the Order to Show Cause and a copy of the docket sheet. *See* Order, ECF No. 42. On October 28, 2014, after Mr. Oladokun failed to respond to the Order to Show Cause, the court issued an Order dismissing the action without prejudice for failure to prosecute and for violation of the Court's January 28, 2014 Scheduling Order. *Id*.

On January 15, 2015, Mr. Oladokun filed "Petitioner Motion to Show Cause to Proceed," wherein he represented that he was incarcerated at the Calvert County Detention Center until August 25, 2014, when he was transferred to the D.C. Jail. *See* ECF No. 43 at 1. He also stated that his release was delayed because he had to attend a violation hearing for a criminal case on November 10, 2014. *Id.* Mr. Oladokun claims that he notified the Clerk of the Court of his

whereabouts on August 25, 2014, and that he did not receive the Order to Show Cause until December 20, 2014. *Id* at 2. Mr. Oladokun asserts that since the mail was delivered to his home, which was unoccupied at the time, he had no knowledge of the Order to Show Cause until the October 6, 2014, deadline had passed. *Id*. Additionally, Mr. Oladokun claims that Defense counsel "intentionally misled this court," because at the September 8, 2014, status conference she failed to inform the Court that he was being held at the D.C. Jail. *Id*. Mr. Oladokun states that Defense counsel was aware of his detention after he wrote to her from the D.C. Jail and after she communicated with his case manager, Ms. Wogu. *Id.* at 3. On the basis of this alleged misrepresentation, and because of the Clerk of the Court's alleged failure to inform the Court of his detention at the D.C. Jail after he filed a timely change of address notice, Mr. Oladokun requested that the Court order a new status conference hearing. *Id.* at 2–3.

On April 6, 2015, Mr. Oladokun filed a "Motion for Hearing," wherein he requested that the Court grant a new hearing pursuant to the fact that Defense counsel knew of his whereabouts on August 12, 2014, and August 13, 2014. *See* ECF. No 45. Lastly, on May 29, 2015, Mr. Oladokun filed "Plaintiffs Response in Opposition to Defendants Motion for Hearing and or Construes this Motion as Rule 60(b Motion)," moving for relief from the October 26, 2014, order dismissing his case. *See* ECF No. 49. Defendants have opposed the relief sought by Mr. Oladokun. *See* ECF No. 44, 47, 50.

### III. LEGAL STANDARDS

#### A. Rule 59(e)

Under Rule 59(e) a litigant may ask a Court to alter or amend a judgment. A motion under Rule 59(e) of the Federal Rules of Civil Procedure "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The district court does not have authority

to extend this deadline pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure, which states, "a court must not extend the time to act [on a motion made after the time has expired] under Rule[] … 59(e)." *See* Fed. R. Civ. P. 6(b)(2).

### B. Rule 60(b)

Rule 60(b) provides a mechanism for relief from a judgment or order by permitting the court to relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

A Rule 60(b) motion need only be filed "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). The party seeking relief under Rule 60(b) bears the burden of showing that he or she is entitled to relief. *Jarvis v. Parker*, 13 F. Supp. 3d 74, 77 (D.D.C. 2014) (citing *Norris v. Salazar*, 277 F.R.D. 22, 25 (D.D.C. 2011)).

### IV. ANALYSIS

The Court construes Mr. Oladokun's three filings collectively as seeking relief from the October 28, 2014 Order under Rules 59(e), 60(b)(1), (3), and (6). *See* ECF No. 43, 45, 49. As explained below, Mr. Oladokun has not proffered any evidence that warrants reconsideration of

the Order pursuant to Rules 59(e), 60(b)(1), (3), and (6). Therefore, Mr. Oladokun's motion for relief from the order is denied.

## A. Motion to Alter or Amend a Judgment

When a motion for reconsideration is filed within twenty-eight days of the challenged order, courts treat the motion as originating under Rule 59(e) of the Federal Rules of Civil Procedure. *Marbury Law Grp., PLLC v. Carl*, 729 F. Supp. 2d 78, 82-83 2010 WL 2977872, at *3 (D.D.C. July 27, 2010); *see also Wilkins v. D.C.*, 879 F. Supp. 2d 35, 38-39 (D.D.C. 2012) (citing *Nyman v. FDIC,* 967 F. Supp. 1562, 1569 (D.D.C. 1997)) (stating that "[r]egardless of the way a party characterizes a motion, a post-judgment filing challenging the correctness of the judgment falls within the perimeter of Rule 59(e)").[2] After twenty-eight days have passed, the Court cannot grant relief under Rule 59(e) and the Court does not have the authority to extend this deadline. See Fed. R. Civ. P. 6(b)(2). Here, the Court entered judgment dismissing Mr. Oladokun's case on October 28, 2014. If Mr. Oladokun intended the January 15, 2015 motion as one under Rule 59(e), it is time-barred. Fed. R. Civ. P. 59(e); *see also* Pet'r Mot. Show Cause Proceed, ECF No. 43. Accordingly, Mr. Oladokun's subsequent filings are also time-barred. *See* ECF No. 45, 49. Moreover, Mr. Oladokun's status as a *pro se* plaintiff is unavailing because "litigants who proceed without counsel are not excused from following procedural rules." *Eberhardt v. Brown*, 580 F. App'x 490, 491 (7th Cir. 2014) (explaining that district court could not extend 28-day time limit for filing Rule 59(e) motion for benefit of *pro se* litigant).

---

[2] Although the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, courts generally analyze them under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9 (D.D.C. 2010) (citing *Ellipso, Inc. v. Mann*, 583 F. Supp. 2d 1,3 (D.D.C. 2008)). Therefore, the term "reconsideration," is used interchangeably between Rules 59(e) and 60(b).

## B. Motion for Relief from a Judgment or Order

Accordingly, Mr. Oladokun's May 29, 2015 motion ("Rule 60(b) motion") is considered as one made under Rule 60(b). *See Bailey v. U.S. Marshal Service*, No. CIV. A. 08-0283 (CKK), 2009 WL 973197, at *1 (D.D.C. Apr. 2, 2009) (citing *Computer Prof'ls for Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.D.C. 1996)) (allowing an untimely motion under Rule 59(e) to be considered as a motion under Rule 60(b) if it states grounds for relief under the latter rule).

Mr. Oladokun argues that the following factors warrant relief: (1) Due to inadvertence or excusable neglect, he did not fail to prosecute the above-captioned case because he submitted a timely change of address notice with the Clerk of the Court when he was transferred to the D.C. Jail, but the Clerk of the Court failed to forward him the Order to Show Cause, and (2) Defense counsel committed "perjury and violation [sic] ethic law" because she presented "misinformation" regarding his whereabouts to the Court at the September 8, 2014 status conference. *See generally* Rule 60(b) Motion, ECF No. 49.

The first factor asserted by Mr. Oladokun, inadvertence and/or excusable neglect, falls within Rule 60(b)(1). In evaluating motions for reconsideration under Rule 60(b)(1), the D.C. Circuit has adopted the Supreme Court's excusable neglect analysis as set forth in *Pioneer Ins. Servs. Co. v.* Brunswick *Assocs. Ltd. Pshp.,* 507 U.S. 380 (1993). *See In re Vitamins Antitrust Class Actions,* 327 F.3d 1207, 1209 (D.C. Cir. 2003) (applying the *Pioneer* analysis to review of Rule 60(b)(1) motion). Relevant circumstances for the Court to consider include: "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Pioneer,* 507

U.S. at 395.

Defendants contend that the four *Pioneer* factors weigh against Mr. Oladokun. *See* Defs.' Resp. Opp'n to Pl.'s Mot. to Reopen, ECF No. 50 at 4. Under the first factor, Defendants contend that they will be prejudiced if the case is reopened because the case has been closed for nearly a year, the events alleged in Mr. Oladokun's Complaint occurred more than four years ago, and as time passes, the memories of witnesses will continue to fade. *Id.* Second, Defendants contend that the length of delay was significant because Mr. Oladokun had ample time to respond to the Courts Order to Show Cause but failed to file anything with the Court until nearly four months after the Court dismissed the case. *Id.* Under the fourth factor, Defendants allege that Mr. Oladokun is precluded from a finding that he acted in good faith in failing to respond to the Order to Show Cause because he made no effort to seek an extension of the deadline to respond. *Id.* The Court is not fully persuaded by the foregoing reasoning. *See Canales v. A.H.R.E., Inc.*, 254 F.R.D. 1, 11 (D.D.C. 2008) (holding that "[a]lthough 'delay in and of itself does not constitute prejudice,' the dangers associated with such delay, such as loss of evidence and increased difficulties in discovery, do establish prejudice to plaintiffs.") (citing *Capital Yacht Club v. Vessel AVIVA*, 228 F.R.D. 389, 393–94 (D.D.C. 2005) (internal quotation marks omitted)); *see also Norris,* 277 F.R.D. at 26 n.4 (finding that the July 2011, motion [for reconsideration] filed by plaintiff following dismissal of the action in April 2011, was well within the one-year period required for a motion under Rule 60(b)(1)); *see also Austin Inv. Fund, LLC by & through Elieff v. United States,* 304 F.R.D. 5, 9 (D.D.C. 2014) (finding that plaintiff's failure to prosecute case was the result of inadvertent delivery of court's order to an incorrect address, and even though plaintiff had not provided court with an address where he could be reached, and although he failed to inquire into the status of his case for almost six months, his

bad faith could not be inferred, given that plaintiff was effectively functioning as a *pro se* litigant.).

In any event, under the third and "most important single factor–fault," Mr. Oladokun fails to provide an adequate reason for his delay in responding to the Court's Order to Show Cause. *See Jarvis*, 13 F. Supp. 3d at 78–79 (citing *Inst. For Policy Studies v. U.S.C.I.A.*, 246 F.R.D. 380, 383–86 (D.D.C. 2007)); *see also Wilson v. Prudential Fin.,* 218 F.R.D. 1, 3 (D.D.C. 2003) (describing fault as the "key factor" in excusable neglect analysis). Mr. Oladokun explains that he did not receive the Court's Order to Show Cause advising him that the case would be dismissed without prejudice if he failed to respond by October 6, 2014. *See* Pet'r Mot. Show Cause Proceed, ECF No. 43 at 2. But according to Mr. Oladokun's prior motions, he was incarcerated at the D.C. Jail from August 25, 2014, to November 10, 2014. *Id.* Mr. Oladokun updated his address on September 19, 2014. *See* Notice of Change of Address, ECF No. 40. Defense counsel claims that she verbally informed Mr. Oladokun on September 23, 2014, that the Court had issued the Order to Show Cause. *See* Exhibit 1, Declaration of Anne M. Orcutt, at ¶ 14. Additionally, pursuant to an internal docket entry, the Clerk of the Court mailed the Order to Show Cause to Mr. Oladokun at the D.C. Jail on September 25, 2014, not to his home address where he claims it was sent. Mr. Oladokun does not provide the Court with a satisfactory explanation for his failure to respond to the Order to Show Cause because the record reflects that he was duly notified by the Clerk of the Court and Defense Counsel. *See Halmon v. Jones Lang Wootton USA,* 355 F. Supp. 2d 239, 244 (D.D.C. 2005) ("Parties have an obligation to monitor the court's docket and keep apprised of relevant deadlines."). As was made clear in *Pioneer*, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *See Inst. For Policy Studies*, 246 F.R.D. at 383; *see also Lightfoot v.*

*District of Columbia*, 555 F. Supp. 2d 61 (D.D.C. 2008) (noting that "neither ignorance nor carelessness on the part of a litigant ... will provide grounds for [Rule 60(b)(1)] relief). Therefore the Court finds that Mr. Oladokun is not entitled to relief under Rule 60(b)(1). *See Pioneer,* 507 U.S. at 395 (stating that "[t]he inquiry into whether a party's action constitutes excusable neglect 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission'").[3]

In addition, the Court finds that relief on grounds of "misrepresentation," by the Defendants pursuant to Rule 60(b)(3) is unwarranted. *See Walsh v. Hagee*, 10 F. Supp. 3d 15 (D.D.C. 2013). To prevail under Rule 60(b)(3), the movant must show "by clear and convincing evidence … that the other party engaged in fraud, misrepresentation, or misconduct." *Id*. at 19 (citing *Almerfedi v. Obama*, 904 F. Supp. 2d 1, 5 (D.D.C. 2012)) (internal quotation marks omitted)). Additionally, the movant "must show actual prejudice, that is, he must demonstrate that defendant's conduct prevented him from presenting his case fully and fairly." *Munoz v. Bd. of Trustees of Univ. D.C.,* 730 F. Supp. 2d 62, 70 (D.D.C. 2010) (citing *Ramirez v. Dep't of Justice,* 680 F. Supp. 2d 208, 210 (D.D.C. 2010)) (explaining that prejudice requires "the movant [to] show that the misconduct foreclosed full and fair preparation or presentation of its case" (internal quotation marks omitted)).

Here, Mr. Oladokun fails to demonstrate how Defense counsel had knowledge of his whereabouts on September 8, 2014 when she made the alleged "misrepresentations" to the

---

[3] Even if Mr. Oladokun did not become aware of the Order to Show Cause until later, the record makes clear that he was aware of the September 8, 2014 hearing, failed to appear at that hearing, but made no effort to alert the Court of his reasons for his non-appearance or to determine what occurred at the hearing. If he had made such a minimal effort when he submitted his change of address on September 19, 2014, the outcome of this case may have been different. But, instead, Mr. Oladokun did nothing for several months. Such inactivity and lack of diligence amounts to a failure to prosecute.

Court. Mr. Oladokun's prior motions seem to indicate that Defense counsel communicated with him and his case manager, Ms. Wogu, after the August 12, 2014 telephone conference and prior to the status conference on September 8, 2014, which would support his claim that Defense counsel knew that he was incarcerated at the D.C. Jail. *See* Pet'r Mot. Show Cause Proceed, ECF No. 43 at 2. In Defendant's response in opposition to Mr. Oladokun's allegations, Defense counsel states that these communications occurred both on and after September 15, 2014. *See* Def. Resp. Pl.'s Mot. Show Cause, ECF No. 44 at 2. Defense counsel claims that her lack of knowledge of Mr. Oladokun's whereabouts at the time of the status conference "was accurately conveyed to the Court at the hearing." *Id.* (citing Exhibit 1, Declaration of Anne M. Orcutt, at ¶ 10). Therefore, Mr. Oladokun's bare assertions are insufficient evidence of misrepresentation. *See Walsh*, 10 F. Supp. 3d 15, 20 (denying Rule 60(b)(3) relief where plaintiff failed to present clear and convincing evidence of misconduct and relied on conjecture and unsupported assertions).

Furthermore, Mr. Oladokun fails to show actual prejudice. There is no indication that Defense counsel's statements, even if false, prevented Mr. Oladokun from presenting his case fully and fairly. Rather, the record reflects that Mr. Oladokun was given timely notice of the Order to Show Cause, and he failed to take any action until January 15, 2015 after the Court dismissed the above-captioned action. *See generally* Pet'r Mot. Show Cause Proceed, ECF No. 43; *See, e.g.*, *Green v. Am. Fed'n of Labor & Congress of Indus. Orgs.,* 811 F. Supp. 2d 250, 254 (D.D.C. 2011) (denying the plaintiff's motion for reconsideration because "the plaintiff does not indicate how such fraud would have prevented him from fully and fairly presenting his case before the court"). Therefore, Mr. Oladokun will not be afforded relief under Rule 60(b)(3)

because he has not effectively demonstrated that Defense counsel made any misrepresentations to the Court during the September 8, 2014 status conference.

Finally, Mr. Oladokun cannot prevail under Rule 60(b)(6). "Rule 60(b)(6) ... grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is … not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Salazar ex rel. Salazar v. Dist. of Columbia*, 633 F.3d 1110, 1119–20 (D.D.C. 2011) (citing *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863 (1988)). Rule 60(b)(6) "should be only sparingly used" and only in "extraordinary circumstances." *Walsh*, 10 F. Supp. 3d at 21 (citing *Salazar*, 633 F.3d at 1119–20). Additionally, reconsideration is properly granted under Rule 60(b)(6), "only when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." *Id.* (citing *Taitz v. Obama*, 754 F. Supp. 2d 57, 59 (D.C. Cir 2010)).

Mr. Oladokun is barred from asserting relief under Rule 60(b)(6) because his argument is premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5). *Salazar,* 633 F.3d at 1119–20. Moreover, even if Mr. Oladokun could invoke Rule 60(b)(6), he fails to demonstrate extraordinary circumstances or a manifest injustice, or even that there was "a previously undisclosed fact … central to the litigation." *Walsh*, 10 F. Supp. 3d at 21. Therefore, his claim for relief under Rule 60(b)(6) must also fail. [4]

---

[4] Defendants also oppose Mr. Oladokun's motions pursuant to Local Rule 7(m)*,* which requires certification from the movant that he has conferred with opposing counsel prior to filing a nondispositive motion, but the Court declines to consider this.

## V. CONCLUSION

For the reasons set forth above, Mr. Oladokun's motions collectively seeking relief under Rules 59(e), 60(b)(1), (3), and (6) of the October 28, 2014 Order are denied. *See* ECF No. 43, 45, 49. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: July 8, 2015                                        RUDOLPH CONTRERAS
                                                           United States District Judge