# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JEREMY PINSON                                    :
                                                 :
    Plaintiff,                :
                                                 :        Civil Action No.:        12-1872 (RC)
    v.                         :
                                                 :        Re Document No.:        316
DEPARTMENT OF JUSTICE, *et al.*,                 :
                                                 :
    Defendants.                :

## MEMORANDUM OPINION

### DENYING PLAINTIFF'S MOTION TO VACATE ORDER

## I. INTRODUCTION

*Pro se* Plaintiff Jeremy Pinson has filed multiple Freedom of Information Act ("FOIA"),

5 U.S.C. § 552, requests with different departments within of the U.S. Department of Justice

("DOJ"). On August 10, 2016, this Court granted in part the DOJ's motion for partial summary

judgment on multiple FOIA requests directed at the Bureau of Prisons ("BOP"). The Court

entered judgment for the DOJ after Pinson failed to respond to the motion, despite having

received a 60-day extension and a *sua sponte* order warning her[1] that failure to respond could

result in judgment against her.

Pinson argues that she failed to respond because she did not receive the motion after she

was transferred to Allenwood USP, a federal prison in Pennsylvania. She accordingly moves to

vacate judgment under Rules 59 and 60 of the Federal Rules of Civil Procedure. The DOJ

opposes the motion, arguing that Pinson was given adequate time to respond and that Pinson has

---

[1] Pinson identifies using feminine pronouns. The government and this Court follow suit. *See* Defs' Mot. Dismiss or, Alt., Renewed Mot. Summ. J. at 2 n.1, ECF No. 287. The Court's use of feminine pronouns is not intended to reflect any substantive or legal characterization.

not explained why she did not notice the missing document for several months after not receiving it at the new facility. Although both parties treat this motion as one under Rules 59 and 60, it is actually most appropriately treated as a motion for reconsideration under Federal Rule of Civil Procedure 54. Because Pinson has not sufficiently established that she is entitled to relief under Rule 54, the Court denies her motion for reconsideration.

## II. FACTUAL BACKGROUND

This Court has already explained the factual background in detail in its prior Memorandum Opinion. *See Pinson*, 2016 WL 29245, at \*1–5, ECF No. 259 at 3–12. The Court assumes familiarity with its prior opinion and confines its discussion to the facts most relevant to the present motion.

Pinson filed this case in 2012, claiming that the DOJ had unlawfully failed to comply with many of her FOIA requests. Compl., ECF No. 1. In early February 2016, after several motions, responses, and orders arising from the complaint and after the DOJ fulfilled many of the requests, the DOJ filed a second motion for partial summary judgment on the remaining FOIA requests related to the BOP. *See* Def's Second Mot. Summ. J. Respect BOP (Mot. Summ. J.), ECF No. 265. Two days later, this Court ordered Pinson to respond to the motion for partial summary judgment in accordance with the *Fox*/*Neal* rule, which instructs the Court to "take pains to advise a *pro se* party of the consequences of the failure to respond to a dispositive motion." *See Fox*/*Neal* Order at 1, ECF No. 266. The *Fox*/*Neal* order stated that Pinson must respond by March 7, 2016. *Fox*/*Neal* Order at 1. On March 7, 2016, Pinson filed a motion to extend the deadline by 60 additional days, Mot. Enlargement Time All Deadlines ("Mot. Enlgmt. Time"), ECF at 270, which the Court granted, making the new deadline for Pinson to respond May 18, 2016. Order Granting Pl's Mot. Enlgmt. Time, ECF No. 272.

In "mid-March" 2016, the Bureau of Prisons transferred Pinson from a facility in Florence, Colorado to one in Allenwood, Pennsylvania. *See* Pl's Mot. Vacate Order ("Pl.'s Mot.") ¶ 2, ECF No. 316; Notice of Change of Address, ECF No. 273. Pinson contends that the prison staff packed her documents and shipped them to the new facility, but that the paperwork associated with the DOJ's motion for partial summary judgment was not delivered to her at the new facility. Pl.'s Mot. ¶ 3.

Pinson did not respond to the DOJ's motion for partial summary judgment by May 18, 2016, and "admits [that] she overlooked the fact that a dispositive motion was missing." Pl.'s Mot. ¶ 4. As a result, nearly a month after the extended deadline, the Court granted in part the DOJ's motion for partial summary judgment, finding that Pinson's failure to respond meant that she effectively "conceded the DOJ's undisputed facts." Mem. Op. Granting in Part Def's 2d Mot. Partial Summ. J. ("Mem. Granting Summ. J."), ECF No. 309. On August 26, 2016, Pinson filed the instant motion to vacate the August 10 order. Pl's Mot. She claims that if she had received the BOP's motion after her transfer, she would have responded to it in time. Pl.'s Mot. ¶ 5. The DOJ opposes vacatur of the order, claiming that the DOJ has been more than generous with Pinson's previous extension requests, and that she had sufficient time to respond to the dispositive motion—filed on February 3, 2016—even before moving to the new facility in mid-March. Defs.' Opp'n Pl.'s Mot. Vacate Order ("Defs.' Opp'n"), ECF No. 324. The DOJ also notes that Pinson did not "raise [the] alleged fact" that she did not receive the documents until late August, months after the transfer. Def's Opp'n at 3.

## III.  ANALYSIS

In her motion to vacate, Pinson asks the Court to reconsider its grant of partial summary judgment under Rules 59 and 60 of the Federal Rules of Civil Procedure. Pl.'s Mot. at 1. Pinson

3

does not specify which section of either rule applies to her motion. Defendant responds to the motion as if it were brought under the rules she cites. *See generally* Defs.' Opp'n. However, neither Rule 59 nor 60 are applicable to this motion, because Pinson is not seeking reconsideration of a final judgment. *See City of Dover v. EPA*, 40 F. Supp. 3d 1, 4 (D.D.C. 2013); *Alaska v. FERC*, 980 F.2d 761, 764 (D.C. Cir. 1992) ("[G]rants of partial summary judgment are generally considered interlocutory orders . . . ."). Instead, she asks the Court to reconsider an interlocutory order, which is governed by Rule 54(b). *See Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 21 (D.D.C. 2007). Because the standards are similar and the Court construes *pro se* parties' pleadings liberally, the Court construes Pinson's motion as one for reconsideration under Rule 54(b). As described below, the Court denies Pinson's petition because it does not state sufficient grounds to justify relief.

### A.  Legal Standard

Motions for reconsideration of interlocutory orders are "within the discretion of the trial court." *See Lemmons*, 241 F.R.D. at 21 (quoting *Lewis v. United States*, 290 F.Supp.2d 1, 3 (D.D.C.2003)). The Court may enter reconsideration "as justice requires." *Id.* (quoting *Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006)). Although this standard is not expressly stated, a trial court has more discretion in applying Rule 54(b) than it does under Rules

59(e)[2] or 60(b).[3] *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004). "Justice may require revision when the Court has 'patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts has occurred since the submission of the issue to the Court.'" *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (alteration omitted) (quoting *Cobell*, 224 F.R.D. at 272). Errors of apprehension may include the consideration of incorrect or incomplete factual information. *See id.*

It is certainly not enough for a party to represent that she "forgot" about a pending motion, and thus received a judgment against her. *See, e.g., Oladokun v. Corr. Treatment Facility*, 309 F.R.D. 94, 98 (D.D.C. 2015). "Parties have an obligation to monitor the court's docket and keep apprised of relevant deadlines." *Halmon v. Jones Lang Wootton USA*, 355 F. Supp. 2d 239, 244 (D.D.C. 2005). This principle extends to imprisoned *pro se* plaintiffs. *See Oladokun*, 309 F.R.D. at 99.

---

[2] Rule 59(e) allows a court to alter its judgment within 28 days after it is entered, but such a decision is "discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, . . . new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam) (internal quotation marks omitted). "Motions under Rule 59(e) are 'disfavored' and the moving party bears the burden of establishing 'extraordinary circumstances' warranting relief from final judgment." *Schoenman v. FBI*, 857 F. Supp. 2d 76, 80 (D.D.C. 2012) (quoting *Niedermeier v. Office of Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).

[3] Rule 60(b) allows a court to alter its judgment for reasons including "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," and "fraud, . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). As with Rule 59, the burden is on the movant to show that relief is warranted. *Oladokun v. Corr. Treatment Facility*, 309 F.R.D. 94, 95 (D.D.C. 2014).

**B. Pinson's Motion**

Framed in terms of Rule 54(b), Pinson asserts that the Court should reconsider its order entering partial summary judgment because it did not have complete information—namely, her justification for failing to respond. *See* Pl.'s Mot. ¶ 5. The DOJ argues that Pinson should have noticed that the motion papers were missing and, in any case, has not asserted that she did not receive the Court's *Fox/Neal* order. Defs.' Opp'n at 3. Notably, Pinson concedes that she "overlooked the fact that a dispositive motion was missing" but argues that she would have responded to the motion for partial summary judgment had she been given the paperwork after her move. Pl.'s Mot. ¶¶ 4–5.

Pinson has not explained how non-delivery of the motion papers precluded her from responding to the DOJ's motion. Pinson has an obligation to monitor the dockets of the cases in which she is a party. *See Halmon*, 355 F. Supp. 2d at 244; *Oladokun*, 309 F.R.D. at 99. She did not do so. Pl.'s Mot. ¶ 4 ("[P]laintiff admits she overlooked the fact that a dispositive motion was missing."). And, as the DOJ emphasizes, Pinson contends only that that the motion was not delivered to her at the new facility. Pl.'s Mot. ¶ 3. She does not allege that she never saw the motion. To the contrary. Pinson had the motion in her possession and even took action on it by requesting more time to respond. *See generally* Mot. Enlgmt. Time. Moreover, she does not allege that other documents related to the DOJ's motion were not delivered to her, including the *Fox/Neal* order or the order granting an extension of time for her to respond to the motion. To the extent Pinson needed the motion in her possession to effectively oppose it, non-delivery may have been persuasive grounds for requesting another enlargement of time. However, it was not an excuse for wholesale failure to respond. Although the multitude of cases and claims Pinson pursues here and elsewhere undoubtedly make it hard for her to keep track of them all, it is

solely her responsibility to do so. Her failure to maintain a system that enables her to keep track of motions like the one at issue is not cause for reconsideration. Thus, even if the Court had "complete" information, its decision would have been the same. Pinson has therefore not shown that justice requires the Court to reconsider its interlocutory order.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Vacate Order (ECF No. 316) is **DENIED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  March 27, 2017                                      RUDOLPH CONTRERAS
                                                           United States District Judge